ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2017 AUG 29 PM 4: 22

CLERK OF COURT

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 4:16-CR-283-Y<br>(Supersedes Indictment Returned on<br>December 14, 2016, Adding Defendants 2-4) |
| RODNEY POPE (02)<br>CHET INGLIS (03)<br>MATTHEW LEAVERTON (04) | |

## SUPERSEDING INFORMATION

The United States Attorney charges:

### Introduction

At all times material to this information:

1.  James VanBlaricum (not a defendant herein) controlled and operated Texas Energy Management, aka Texas Energy Mutual (TEM). TEM was oil and gas company. Texas Energy Management incorporated in 2008, later changing its name and reincorporated as Texas Energy Mutual in 2013. TEM raised capital for investment in mineral leases and for oil and gas exploration and development. TEM sold percentages of oil and gas well projects Oklahoma. Investors purchased percentages of mineral leases, and oil and gas well projects for an amount established by VanBlaricum. TEM offered several investment programs for purchase to investors.

2.  In April 2013, Texas Energy Management changed its name to Texas Energy Mutual because another company was operating under the name "Texas Energy Management." Texas Energy Mutual LLC was incorporated in the state of Delaware and listed defendants **Rodney Pope** and **Chet Inglis** as the sole members. Subsequent TEM

**Superseding Information-Page-1**

marketing brochures received by investors represented that **Pope**, **Inglis**, and defendant **Matthew Leaverton** were part of the senior leadership of the company. All three were listed under the heading "Key Personnel" on the opening pages of the brochures.

3. While still operating under the direction of VanBlaricum, **Pope** was responsible for day-to-day management and operation of TEM and acted in the role of Chief Operating Officer. **Pope's** title was "Managing Member, Sr. Program Manager."

4. **Inglis**, in addition to being listed with **Pope** as a managing member, was in charge of "marketing and communications" for TEM which entailed creating the marketing materials, both physical and digital, that were sent to prospective investors to help induce them to invest. **Inglis** was also responsible for TEM's website design and development.

5. **Leaverton,** listed in the marketing materials as "Senior Director", acted as a sales agent, or "closer", who was responsible for convincing investors to invest large sums of money with TEM. During the course of the conspiracy, **Leaverton** was TEM's leading sales agent.

6. A "lulling" letter or payment is designed to lull investors into a false sense of security, postpone inquiries or complaints, or make the transaction less suspect and is used in furtherance of a "Ponzi" or other fraudulent scheme.

7. **Pope**, **Inglis**, and on a few occasions, **Leaverton**, as part of TEM's senior leadership, participated in regular meetings to discuss TEM's operations including its lack of drilling activity, income from the sale of program shares to investors, and complaining investors who needed to be paid.

8. **Pope**, **Inglis**, and **Leaverton** knowingly assisted VanBlaricum in carrying out the scheme to defraud by carrying out their duties as described above after each was aware of the scheme, thereby participating directly in the scheme and enabling its continued operation.

9. TEM would and did use instrumentalities of interstate commerce, including private and commercial interstate mail carriers to send program prospectuses, investor agreements, and other documents to investors, and also to receive investors' funds. For example, on or about August 29, 2014, investor P.C. transmitted by a private and commercial interstate carrier, check #1088807871 in the amount of $60,000.00 from Kirkland, Washington to TEM in Grapevine, Texas.

## The Scheme to Defraud

10. Beginning in or around April 2013, and continuing thereafter until in or around August 2016, in the Fort Worth Division of the Northern District of Texas and elsewhere, VanBlaricum, **Pope**, **Inglis**, and **Leaverton** with the intent to defraud did devise and execute a scheme and artifice to defraud and to obtain money by materially false and fraudulent pretenses, statements, representations and promises.

11. VanBlaricum, **Pope**, **Inglis**, and **Leaverton** and other persons known and unknown, carried out the scheme in the following manner and by the following means:

   a. VanBlaricum, **Pope**, and **Inglis** formed TEM as a business entity ostensibly for the purpose of investing in mineral leases, and oil and gas production and earning a profit from those investments;

   b. VanBlaricum, **Pope**, **Inglis**, and **Leaverton** would and did raise millions of dollars from investors by various means, including selling securities in the form of limited partnership interests in "programs" offered by TEM;

   c. To obtain money from investors, VanBlaricum, **Pope**, **Inglis**, and **Leaverton** would and did communicate with potential investors both orally and in writing, in face-to-face meetings, and by means and instrumentalities of interstate commerce such as mail, express couriers, telephone, and electronic mail;

   d. Both personally and by and through each other and others, VanBlaricum, **Pope**, **Inglis**, and **Leaverton** would and did deceive investors and potential investors, and fraudulently induce them to invest money or leave it invested with the TEM, by misrepresenting material facts, including but not limited to the following:

   i. VanBlaricum, **Pope**, **Inglis**, and **Leaverton** would and did falsely represent that investors would earn an "assured" rate of return on their initial investment and that investors would receive a full refund of their initial investment amount after a defined period of time;

ii. VanBlaricum, **Pope**, **Inglis**, and **Leaverton** would and did represent that TEM intended and expected to use a certain percentage of the investors' money to purchase mineral leases, and oil and gas well projects when in fact, they well knew, they intended to spend a substantially smaller percentage of the money on mineral leases, and oil and gas well projects while using a substantial part of the investors' money for purposes that the investors did not authorize or even know about, including commissions to sales agents;

iii. VanBlaricum, **Pope**, **Inglis**, and **Leaverton** would and did represent that TEM had purchased certain assets or were in the process of purchasing them, when in fact, as they well knew, TEM had not purchased those assets and was not in the process of purchasing them;

iv. VanBlaricum, **Pope**, **Inglis**, and **Leaverton** would and did represent that oil and gas well projects were productive and profitable when in fact most were "dry holes", produced oil for a short period of time, or had not been drilled;

v. VanBlaricum, **Pope**, **Inglis**, and **Leaverton** would and did identify VanBlaricum to investors using a false name, that is, "Jim Edwards"; and

vi. VanBlaricum, **Pope**, **Inglis**, and **Leaverton** would and did cause "lulling" payments to be paid to investors, ostensibly as returns on investment, when they well knew that the funds came from other investors rather than from business operations.

<u>Count One</u>
Conspiracy to Commit Mail Fraud
(Violation of 18 U.S.C. § 371 (18 U.S.C. § 1341))

12. The United States Attorney re-alleges the allegations set forth in the Introduction and the Scheme to Defraud paragraphs of this superseding information.

13. Beginning in or around April 2013, the exact date being unknown, and continuing thereafter up to and including August 2016, in the Fort Worth Division of the Northern District of Texas, defendants **Rodney Pope, Chet Inglis, Matthew Leaverton**, and James VanBlaricum (not named a defendant herein) did knowingly and willfully conspire, combine, confederate, and agree with each other, and others known and unknown, to engage in conduct in violation of 18 U.S.C. § 1341, that is mail fraud.

<u>Object of the Conspiracy</u>

14. The object of the conspiracy was for **Pope, Inglis, Leaverton**, and VanBlaricum to enrich themselves unjustly and illegally by receiving compensation under false pretenses.

<u>Overt Acts in Furtherance of the Conspiracy</u>

15. In furtherance of the conspiracy and to achieve the objects of the conspiracy, **Pope, Inglis, Leaverton**, and VanBlaricum acting both personally and by and through each other, committed the following overt acts in the Fort Worth Division of the Northern District of Texas and elsewhere:

    a. On or about July 13, 2013, for the purpose of executing and attempting to execute the scheme and artifice to defraud, and to obtain money and property by means

of materially false and fraudulent pretenses, representations and promises, **Rodney Pope** knowingly caused to be transmitted by the United States Postal Service, a TEM prospectus from the TEM offices in Grapevine, Texas to a post office box in Fort Worth, Texas under the belief the prospectus was for a prospective investor when in fact it was received by a United States Postal Inspector acting in an undercover capacity;

  b. On or about August 22, 2014, for the purpose of executing and attempting to execute the scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, **Matthew Leaverton** knowingly caused to be transmitted by a private and commercial interstate carrier, a TEM prospectus from the TEM offices in Grapevine, Texas to investor P.C. in Kirkland, Washington; and

  c. From on or about August 3, 2016 through on or about August 15, 2016, for the purpose of executing and attempting to execute the scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, **Chet Inglis** sent numerous text messages to investor P.C. which were designed to re-assure P.C. that P.C.'s investment with TEM was still viable and was being used by TEM according to TEM's representations.

In violation of 18 U.S.C. § 371 (18 U.S.C. § 1341).

JOHN R. PARKER
UNITED STATES ATTORNEY

*Douglas A. Allen*
DOUGLAS A. ALLEN
Assistant United States Attorney
Texas State Bar No. 24011525
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone: 817-252-5200
Facsimile: 817-252-5455